IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TITLE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUNSET SIDECAR LLC, ) <br> ) <br> Defendant. ) <br> ) | Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Chicago Title Insurance Company ("Chicago Title"), for its Complaint for Declaratory Judgment against Defendant, Sunset Sidecar LLC ("Sidecar"), states as follows:

**INTRODUCTION**

1. This is a civil action for declaratory judgment arising out of the issuance of two Chicago Title owner's policies of title insurance to Sidecar covering two parcels of land in St. Charles, Illinois. Sidecar provided Chicago Title with a notice of claim seeking confirmation of coverage for a lawsuit filed against it in state court in Kane County, Illinois. The claims against Sidecar in the lawsuit are expressly excluded under the terms of the Chicago Title title insurance policies.

**PARTIES**

2. Plaintiff Chicago Title is a Florida corporation with its principal place of business in Florida.

3. Defendant Sidecar is a limited liability company organized under the laws of Illinois, whose members, upon information and belief, are not citizens of Florida. Sidecar's principal address

is 640 Pasquinelli Drive, Westmont, Illinois with its registered agent, Burke Law Agents, Inc., located at 330 N. Wabash Avenue, Suite 2100, Chicago, Illinois.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1332 and 2201. There is complete diversity of citizenship between Chicago Title and Sidecar, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

5. Venue is proper under 28 U.S.C. § 1391. For purposes of venue, Sidecar is deemed to reside in this judicial district because it is subject to the personal jurisdiction of the Court with respect to this action. Venue is also proper because a substantial part of the events or omissions giving rise to this dispute occurred in this judicial district. The Chicago Title insurance policies were issued to Sidecar in this judicial district and the properties which are the subject of the underlying claims are located in St. Charles, Illinois.

## FACTS

**The Policies**

6. On or about February 4, 2020, Proper Title, LLC, a policy issuing agent of Chicago Title, issued to Sidecar two Chicago Title owner's policies of title insurance in which Sidecar was named as the insured. The two title insurance policies covered two parcels of land, respectively, in St. Charles, Illinois (the "Two Parcels"). (True and correct copies of the two policies are attached hereto as Exhibits 1 and 2 and incorporated by reference herein and referred to hereinafter as the "Policies").

7. Of the Two Parcels, the parcel (hereinafter the "Car Wash Parcel") insured by policy number 7230600 223704517, which policy is that of the Two Policies attached hereto as Exhibit 2 (hereinafter the "Car Wash Policy"), was conveyed by Sidecar to Tahir Carwash LLC in fee simple on or about June 2, 2023.

8. Sidecar holds no estate or interest in the Car Wash Parcel.

9. The Car Wash Policy provides in Section 2 of its Conditions that the coverage of said policy continues "only so long as the Insured retains an estate or interest in the Land… or only so long as the Insured shall have liability by reason of warranties in any transfer or conveyance of the Title…."

10. Subject to the conditions, exclusions and exceptions set forth in the Policies, the Policies insured Sidecar against loss or damage, not to exceed the amount of insurance, arising from certain enumerated covered risks pertaining to the title of the Two Parcels.

11. Both of the Policies provide in paragraph 4 of the Policies' "Exclusions from Coverage" as follows:

> The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of: …
>
> 4. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A is
>
> (a) a fraudulent conveyance or fraudulent transfer;….

12. Both of the Policies provide in paragraph 3 of the Policies' "Exclusions from Coverage" as follows:

3

> The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of: …
>
> 3. Defects, liens, encumbrances, adverse claims, or other matters:
>
> (a) created, suffered, assumed, or agreed to by the Insured Claimant; [or]
>
> (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;…

**The Underlying Complaint**

13. By letter dated April 22, 2024, counsel for Sidecar provided a letter designated as a notice of claim regarding the Policies (the "Notice of Claim"). (A true and correct copy of the Notice of Claim is attached hereto as Exhibit 3 and incorporated by reference herein.)

14. In its Notice of Claim, Sidecar represented that it had been named as a defendant in a verified complaint filed in the Sixteenth Judicial Circuit of Kane County, Illinois, Case Number 24-LA-00050, in which named-Plaintiff Michael Vite sought to set aside the sale of the Two Parcels to Sidecar. (A true and correct copy of the verified complaint is attached hereto as Exhibit 4 and to incorporated by reference herein and is referred to hereinafter as the "Complaint.")

15. In the Complaint, Mr. Vite alleged that prior to Sidecar's acquisition of the Two Parcels, same were owned by St. Charles Investments, LLC.

16. In the Complaint, Mr. Vite further alleged that St. Charles Pontiac, Inc. leased the Two Parcels from St. Charles Investments, LLC for the operation of a car dealership and car wash and that Mr. Fred Vargason was the principal of both St. Charles entities.

4

17. In the Complaint, Mr. Vite further alleged that Mr. Vargason, St. Charles Pontiac, Inc. and St. Charles Investments, LLC arranged the sale of the Two Parcels to Sidecar to avoid the debts owed by Mr. Vargason and St. Charles Pontiac, Inc. to Mr. Vite.

18. In Count I of the Complaint, Mr. Vite asserted that Sidecar and certain other defendants violated the Illinois Uniform Fraudulent Transfer Act such that the conveyance of the Two Parcels to Sidecar constituted a fraudulent conveyance or fraudulent transfer.

19. In Count II of the Complaint, Mr. Vite asserted a fraud claim against Defendants Mr. Vargason, St. Charles Pontiac, Inc. and St. Charles Investments, LLC, but Mr. Vite did not assert a claim in Count II against Sidecar.

20. In Count III of the Complaint, Mr. Vite asserted a claim for civil conspiracy against Sidecar and the other defendants.

21. In its Notice of Claim, Sidecar requested that the Complaint be "addressed by Chicago Title" and that Chicago Title "confirm coverage under the policy [sic] regarding this claim."

## COUNT I
## DECLARATORY RELIEF - DUTY TO DEFEND

22. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Mr. Vite's claims against Sidecar in Count I of the Complaint assert fraudulent transfer and fraudulent conveyance claims pursuant to the Illinois Uniform Fraudulent Transfer Act and are excluded from coverage under the Policies pursuant to Exclusion 4(a), which excludes coverage for all claims under the Illinois Uniform Fraudulent Transfer Act that the transaction

5

vesting the title as shown in the respective Policies' Schedule A is a fraudulent transfer or fraudulent conveyance.

24. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT II
### DECLARATORY RELIEF – DUTY TO DEFEND

25. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

26. Mr. Vite's claims against Sidecar in Count I of the Complaint, which assert fraudulent transfer and fraudulent conveyance claims pursuant to the Illinois Uniform Fraudulent Transfer Act, constitute matters that, based on the allegations of the complaint, were created, suffered, assumed or agreed to by Sidecar, and, therefore, those matters are excluded from coverage under the Policies pursuant to Exclusion 3(a).

27. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT III
### DECLARATORY RELIEF – DUTY TO DEFEND

28. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

29. Mr. Vite's claims against Sidecar in Count I of the Complaint, which assert fraudulent transfer and fraudulent conveyance claims pursuant the Illinois Uniform Fraudulent Transfer Act, constitute matters not known to Chicago Title, not recorded in the public records as of the date of the Policies, and that, based on the allegations of the Complaint, were known to Sidecar and were not disclosed in writing to Chicago Title by Sidecar prior to the date of the Policies, and, therefore, those claims are excluded from coverage under the Policies pursuant to Exclusion 3(b).

30. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT IV
## DECLARATORY RELIEF – DUTY TO DEFEND

31. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

32. Mr. Vite's claims asserted in Count II of the Complaint do not assert a claim for relief against Sidecar, and, therefore, do not constitute matters for which coverage is provided to Sidecar under the terms of the Policies.

33. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT V
## DECLARATORY RELIEF – DUTY TO DEFEND

34. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

35. Mr. Vite's claims against Sidecar in Count III of the Complaint assert that Sidecar and the other defendants engaged in a civil conspiracy.

36. The cause of action of a civil conspiracy requires the known agreement of all alleged participants to intentionally commit a tortious act in furtherance of an unlawful purpose or a lawful purpose by unlawful means.

37. Mr. Vite's claims against Sidecar in Count III of the Complaint for civil conspiracy constitute matters that, based on the allegations of the complaint, were created, suffered, assumed or agreed to by Sidecar, and, therefore, those matters are excluded from coverage under the Policies pursuant to Exclusion 3(a).

38. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT VI
## DECLARATORY RELIEF – DUTY TO DEFEND

39. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

40. Mr. Vite's claims against Sidecar in Count III of the Complaint for civil conspiracy constitute matters not known to Chicago Title, not recorded in the public records as of the date of the

8

Policies, and that, based on the allegations of the Complaint, were known to Sidecar and were not disclosed in writing to Chicago Title by Sidecar prior to the date of the Policies, and, therefore, those claims are excluded from coverage under the Policies pursuant to Exclusion 3(b).

41. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT VII
## DECLARATORY RELIEF – DUTY TO DEFEND

42. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

43. Mr. Vite's claims against Sidecar in Count III of the Complaint for civil conspiracy assert that Sidecar and others conspired to effect fraudulent transfers and fraudulent conveyances pursuant to the Illinois Uniform Fraudulent Transfer Act and are excluded from coverage under the Policies pursuant to Exclusion 4(a), which excludes coverage for all claims under the Illinois Uniform Fraudulent Transfer Act that the transaction vesting the title as shown in the respective Policies' Schedule A is a fraudulent transfer or fraudulent conveyance.

44. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT VIII
## DECLARATORY RELIEF – DUTY TO DEFEND

45. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

46. The relief requested within Count III does not assert a claim against the title to the Two Parcels and does not fall within the scope of the Covered Risks enumerated in the two Policies at the date of the Policies.

47. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT IX
## DECLARATORY RELIEF – DUTY TO DEFEND

48. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

49. Sidecar conveyed the Carwash Parcel to Tahir Carwash LLC in fee simple on or about June 2, 2023.

50. Sidecar holds no estate or interest in the Car Wash Parcel.

51. Sidecar's conveyance of the Car Wash Parcel to Tahir Carwash LLC terminated Chicago Title's obligations and duties to Sidecar under the corresponding Car Wash Policy.

52. Sidecar's request for coverage under the Car Wash Policy with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should

declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint which relate to the Car Wash Parcel and/or Car Wash Policy.

## COUNT X
## DECLARATORY RELIEF – DUTY TO DEFEND

53. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

54. The two Policies provide in Section 8 of their Conditions that the Policies are contracts of indemnity against actual monetary loss or damage sustained by reason of impairment to title and only to the extent that said title is impaired.

55. The Complaint seeks money damages unrelated to loss or damage sustained by reason of impairment to title to the Two Parcels, and therefore said claims are outside the scope of the terms of the two Policies.

56. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to defend Sidecar regarding the matters asserted in the Complaint.

## COUNT XI
## DECLARATORY RELIEF - DUTY TO INDEMNIFY

57. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

58. Mr. Vite's claims against Sidecar in Count I of the Complaint assert fraudulent transfer and fraudulent conveyance claims pursuant to the Illinois Uniform Fraudulent Transfer Act and are excluded from coverage under the Policies pursuant to Exclusion 4(a), which excludes

coverage for all claims under the Illinois Uniform Fraudulent Transfer Act that the transaction vesting the title as shown in the respective Policies' Schedule A is a fraudulent transfer or fraudulent conveyance.

59. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XII
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

60. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

61. Mr. Vite's claims against Sidecar in Count I of the Complaint, which assert fraudulent transfer and fraudulent conveyance claims pursuant to the Illinois Uniform Fraudulent Transfer Act, constitute matters that, based on the allegations of the Complaint, were created, suffered, assumed or agreed to by Sidecar, and, therefore, those matters are excluded from coverage under the Policies pursuant to Exclusion 3(a).

62. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XIII
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

63. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

64. Mr. Vite's claims against Sidecar in Count I of the Complaint, which assert fraudulent transfer and fraudulent conveyance claims pursuant the Illinois Uniform Fraudulent Transfer Act, constitute matters not known to Chicago Title, not recorded in the public records as of the date of the Policies, and that, based on the allegations of the Complaint, were known to Sidecar and were not disclosed in writing to Chicago Title by Sidecar prior to the date of the Policies, and, therefore, those claims are excluded from coverage under the Policies pursuant to Exclusion 3(b).

65. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XIV
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

66. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

67. Mr. Vite's claims asserted in Count II of the Complaint do not assert a claim for relief against Sidecar, and, therefore, do not constitute matters for which coverage is provided to Sidecar under the terms of the Policies.

68. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XV
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

69. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

70. Mr. Vite's claims against Sidecar in Count III of the Complaint assert that Sidecar and the other defendants engaged in a civil conspiracy.

71. The cause of action of a civil conspiracy requires the known agreement of all alleged participants to intentionally commit a tortious act in furtherance of an unlawful purpose or a lawful purpose by unlawful means.

72. Mr. Vite's claims against Sidecar in Count III of the Complaint for civil conspiracy constitute matters that, based on the allegations of the complaint, were created, suffered, assumed or agreed to by Sidecar, and, therefore, those matters are excluded from coverage under the Policies pursuant to Exclusion 3(a).

73. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XVI
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

74. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

75. Mr. Vite's claims against Sidecar in Count III of the Complaint for civil conspiracy constitute matters not known to Chicago Title, not recorded in the public records as of the date of the

14

Policies, and that, based on the allegations of the Complaint, were known to Sidecar and were not disclosed in writing to Chicago Title by Sidecar prior to the date of the Policies, and, therefore, those claims are excluded from coverage under the Policies pursuant to Exclusion 3(b).

76. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XVII
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

77. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

78. Mr. Vite's claims against Sidecar in Count III of the Complaint for civil conspiracy assert that Sidecar and others conspired to effect fraudulent transfers and fraudulent conveyances pursuant to the Illinois Uniform Fraudulent Transfer Act and are excluded from coverage under the Policies pursuant to Exclusion 4(a), which excludes coverage for all claims under the Illinois Uniform Fraudulent Transfer Act that the transaction vesting the title as shown in the respective Policies' Schedule A is a fraudulent transfer or fraudulent conveyance.

79. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint.

## COUNT XVIII
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

80. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

81. The relief requested within Count III does not assert a claim against the title to the Two Parcels and does not fall within the scope of the Covered Risks enumerated in the Two Policies at the date of the policies.

82. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complain

## COUNT XIX:
## DECLARATORY RELIEF – DUTY TO INDEMNIFY

83. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

84. Sidecar conveyed the Car Wash Parcel to Tahir Carwash LLC in fee simple on or about June 2, 2023.

85. Sidecar holds no estate or interest in the Car Wash Parcel.

86. Sidecar's conveyance of the Car Wash Parcel to Tahir Carwash LLC terminated Chicago Title's obligations and duties to Sidecar under the corresponding Car Wash Policy.

87. Sidecar's request for coverage under the Car Wash Policy with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should

16

declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complaint which relate to the Car Wash Parcel and/or Car Wash Policy.

**COUNT XX:**
**DECLARATORY RELIEF – DUTY TO INDEMNIFY**

88. Chicago Title hereby repeats and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

89. The two Policies provide in Section 8 of their Conditions that the Policies are contracts of indemnity against actual monetary loss or damage sustained by reason of impairment to title and only to the extent that said title is impaired.

90. The Complaint seeks money damages unrelated to loss or damage sustained by reason of impairment to title to the Two Parcels, and therefore said claims are outside the scope of the terms of the two Policies.

91. Sidecar's request for coverage under the Policies with regard to the Complaint presents a case of actual controversy, and, pursuant to 28 U.S.C. § 2201, this Court should declare that Chicago Title has no duty to indemnify Sidecar regarding the matters asserted in the Complain

**PRAYER FOR RELIEF**

WHEREFORE, Chicago Title prays for the following relief:

(a) With respect to Counts I through X of this Declaratory Complaint, a declaration that Chicago Title does not have a duty to defend Sidecar with respect to any of the claims or allegations in the Complaint;

(b) With respect to Counts XI through XX of this Declaratory Complaint, a declaration that Chicago Title does not have a duty to indemnify Sidecar with respect to any of the claims or allegations in the Complaint; and

(c) such other and further relief the Court deems appropriate.

Respectfully submitted,

CHICAGO TITLE INSURANCE COMPANY

By: /s/ Robert M. Baratta, Jr.
One of its attorneys

Robert M. Baratta, Jr.
Smith, Gambrell & Russell, LLP
Freeborn & Peters Practice Group
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
bbaratta@sgrlaw.com